IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | SUPERSEDING |
| v. | : | 1:22CR374-1 |
| | : | |
| JERMAINE ANTOINE CARRINGTON | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and the defendant, JERMAINE ANTOINE CARRINGTON, in his own person and through his attorney, Todd A. Smith, and state as follows:

1. The defendant, JERMAINE ANTOINE CARRINGTON, is presently under Superseding Indictment in case number 1:22CR374-1, which charges him in Count One with a violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and (c), sex trafficking of a minor; which charges him in Count Two with a violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1), sex trafficking an adult by force, fraud or coercion; and which charges him in Count Three with a violation of Title 18, United States Code, Sections 1594(c), conspiracy to commit sex trafficking of a minor.

2. The defendant, JERMAINE ANTOINE CARRINGTON, will enter a voluntary plea of guilty to Count Three of the Superseding Indictment herein. The nature of this charge and the elements of this charge, which must be

proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

  a. The defendant, JERMAINE ANTOINE CARRINGTON, understands that the maximum term of imprisonment provided by law for Count Three of the Superseding Indictment herein, is any term of years or for life, and the maximum fine for Count Three of the Superseding Indictment herein is $250,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, JERMAINE ANTOINE CARRINGTON, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

  b. The defendant, JERMAINE ANTOINE CARRINGTON, also understands that, as to Count Three of the Superseding Indictment herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, JERMAINE ANTOINE CARRINGTON, understands that the Court shall order, in addition to any other criminal penalty authorized by law, that the defendant make restitution, pursuant to Title 18, United States Code, Section 1593.

d. The defendant, JERMAINE ANTOINE CARRINGTON, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

e. The defendant, JERMAINE ANTOINE CARRINGTON, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, JERMAINE ANTOINE CARRINGTON, nevertheless

3

wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, JERMAINE ANTOINE CARRINGTON, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to Count Three of the Superseding Indictment herein, the defendant, JERMAINE ANTOINE CARRINGTON, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, JERMAINE ANTOINE CARRINGTON, is going to plead guilty to Count Three of the Superseding Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, JERMAINE ANTOINE CARRINGTON, to Count Three of the Superseding Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining counts of the Superseding Indictment as to the defendant, JERMAINE ANTOINE CARRINGTON. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, JERMAINE ANTOINE CARRINGTON, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

c. It is agreed that upon the acceptance by the Court of a guilty plea by the defendant, JERMAINE ANTOINE CARRINGTON, to the

Indictment/ herein, the United States of America and the defendant, JERMAINE ANTOINE CARRINGTON, agree that a sentence range of 97 to 121 months is the appropriate disposition of the case. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. It is further understood by and between the parties that should the Court reject this portion of the Plea Agreement, the United States and the defendant, JERMAINE ANTOINE CARRINGTON, shall have the opportunity to withdraw from this plea agreement and proceed to trial on the Superseding Indictment.

    d. The defendant, JERMAINE ANTOINE CARRINGTON, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, JERMAINE ANTOINE CARRINGTON, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

    e. The defendant, JERMAINE ANTOINE CARRINGTON, waives all rights, whether asserted directly or through a representative, to

6

request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    f.  The defendant, JERMAINE ANTOINE CARRINGTON, understands that an order of restitution is mandatory pursuant to 18 U.S.C. § 1593. The defendant agrees to pay restitution to the extent allowed in Title 18, United States Code, Sections 1593, 3663 and/or 3663A as determined by the Court, to all victims charged in the Indictment herein and to any victim harmed by defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3. This portion of the Plea Agreement is made pursuant to Title 18, United States Code, Sections 1593, 3663, and/or 3663A(a)(3).

    g.  Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings.  The defendant, JERMAINE ANTOINE CARRINGTON, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings.  If the defendant, JERMAINE ANTOINE CARRINGTON, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally

7

attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

      h.     The defendant, JERMAINE ANTOINE CARRINGTON, in exchange for the government's agreement to dismiss Counts One and Two of the Superseding Indictment herein, entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exceptions are that the defendant, JERMAINE ANTOINE CARRINGTON, may collaterally attack his conviction and sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of his guilty plea.

      i.     The defendant, JERMAINE ANTOINE CARRINGTON, in exchange for the government's agreement to dismiss Counts One and Two of the Superseding Indictment herein, entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that

the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, JERMAINE ANTOINE CARRINGTON, may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.

6. The defendant, JERMAINE ANTOINE CARRINGTON, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. The defendant, JERMAINE ANTOINE CARRINGTON, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant,

9

Case 1:22-cr-00374-UA Document 29 Filed 05/22/23 Page 9 of 11

JERMAINE ANTOINE CARRINGTON, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, JERMAINE ANTOINE CARRINGTON, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 1st day of May, 2023.

SANDRA J. HAIRSTON  
United States Attorney

TODD A. SMITH  
Attorney for Defendant

NICOLE R. DUPRÉ  
NCSB #41214  
Assistant United States Attorney  
251 N. Main St, Suite 726  
Winston-Salem, NC 27101  
336/333-5351

JERMAINE ANTOINE CARRINGTON  
Defendant

/S/ STI